IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

**Dr. Keith F. Bell**,

    Plaintiff,

v.

**The Milwaukee Board of School Directors,**

and

**Shon Haralson,** an employee of Milwaukee Public Schools

    Defendants.

Case No.: 2:22-cv-227

**JURY TRIAL DEMANDED**

---

## PLAINTIFF'S ORIGINAL COMPLAINT

Dr. Keith F. Bell ("Plaintiff" or "Dr. Bell") brings this suit against Defendants Milwaukee Board of School Directors ("Defendant" or "MWSB") and Shon Haralson ("Defendant" or "Haralson") as an employee of a Milwaukee Public Schools (MPS), and alleges as follows:

### I. INTRODUCTION

1. This case arises from the repeated copyright infringement by MWSB of the copyright registrations of Dr. Bell **(Exhibits 1-3)** through their employees Dave Poltrock and Shon Haralson.

2. In and around December 22, 2015 Dave Poltrock ("Poltrock"), as an employee of MPS, distributed copyrighted material owned by Dr. Bell without his authorization, via Twitter. **See Exhibits 4-5.**

3. In and around January 15, 2017 authorized copyrighted material could still be found on Twitter and associated with Poltrock's Twitter account, as an employee of MPS, distributed copyrighted material owned by Dr. Bell without his authorization, via twitter. **See Exhibits 4-6.**

4. Dr. Bell provided notice to the MPS and the MWSB in 2018 and 2019 demanding the infringing activities of copying and distribution cease immediately.

5. On or around February 20, 2019, the copyrighted material was still being published and distributed by Haralson and MPS to his Twitter followers. **See Exhibit 7.**

6. By doing so, Haralson and MPS not only infringed upon Dr. Bell's copyright, but willfully engaged in infringing activities by ignoring Dr. Bell's demands to cease use of the copyrighted materials without Dr. Bell's authorization. Accordingly, Dr. Bell now brings this lawsuit for copyright infringement against Defendants Haralson and MWSB.

## I. PARTIES

7. Dr. Bell resides in Austin, Texas, and maintains a residence at 3101 Mistyglen Circle, Austin, Texas 78746.

8. The Milwaukee Public Schools are organized under the laws of the state of Wisconsin and according to its website (https://mps.milwaukee.k12.wi.us/en/District.htm) maintains their principal office at Milwaukee Public Schools 5225 W. Vliet Street Milwaukee, WI 53208.

9. The Milwaukee Board of School Directors was created by the Wisconsin Legislature and is an agent of the state, selected to represent and act for the state in providing the district with educational programs and facilities. The Milwaukee Board of School Directors is the policy-making body for the school system, serving within the framework provided by law, the will of the local citizenry, and the ethics of the education profession and maintains their principal office also at 5225 W. Vliet Street Milwaukee, WI 53208.

## II. JURISDICTION AND VENUE

10. This is a civil action arising primarily under the Copyright Act, 17 U.S.C § 101, *et seq.*, for copyright infringement.

11. This Court has jurisdiction over the subject matter of Plaintiff's claims pursuant to 28 U.S.C. § 1338 (general jurisdiction for copyright infringement), 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1367 (supplemental jurisdiction).

12. This Court has personal jurisdiction over Defendants the Milwaukee Board of School Directors (aka MWSB), and Dave Haralson both because they reside in the district and because of the actions alleged herein, which also took place in this District.

13. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1) because the Defendants reside in this District.

### III. FACTUAL BACKGROUND

14. Dr. Bell authored and owns a valid copyright registration in a popular motivational book titled *Winning Isn't Normal*®[1] (the "Book"). The Book's copyright registration was issued on September 21, 1989 (No. TX-0002-6726-44) and is attached as **Exhibit 1** to this Complaint.

15. Dr. Bell published the Book in 1982 to critical acclaim, wide distribution, and significant publicity. He continues to promote, distribute, offer for sale, and sell the Book through multiple websites, such as Amazon.com and www.winningisntnormal.com (which Bell owns).

16. Within the Book is a famous excerpt (the "Passage"), which is attached as **Exhibit 2** to this Complaint. Dr. Bell uses the Passage when marketing his own derivative works, such as posters and t-shirts. Dr. Bell also owns a separate copyright registration for the Passage (No. TX-8-503-571), which is attached as **Exhibit 3** to this Complaint.

17. The Book's success has increased Dr. Bell's recognition as an authority in his field.

18. He has been invited to speak at conferences, symposia, and other engagements as a result of the Book and the Passage.

19. Dr. Bell plainly marks and provides notice of his copyrights. He includes the relevant copyright notices on physical and electronic copies of the Book, and has a conspicuous notice on the purchase page of *Winning Isn't Normal*®:

---
[1] *See* https://winningisntnormal.com/product/winning-isnt-normal/

> **COPYRIGHT NOTICE:**
>
> All books, posters and other items herein are copyrighted works, protected by U.S. & International laws of copyright. In addition, "Winning Isn't Normal" is a registered trademark. The use, in print, electronic, or any other way, of any of this material, in part or whole, requires expressed written permission from the author, Dr. Keith Bell. Attribution alone is not a substitute for the permission to use copyrighted or trademarked work, nor does ownership of a physical copy constitute permission for use.
>
> **FOR LICENSING RIGHTS**
> Dr. Bell offers fair and reasonable licenses to those who wish to publish or otherwise utilize *Winning Isn't Normal*®, the WIN Passage, or any other of his works. If you are interested in sharing a book or poster, please purchase a copy for each recipient. If you have already used Dr. Bell's works without his expressed written permission, please contact Dr. Bell to arrange for payment for what you used and distributed. Thank you for respecting this author and the multitude of hours he spent to produce this work.

20. Dr. Bell offers licenses at fair and reasonable rates to others who wish to publish or use the Passage, whether online or through traditional printed publishing. He also provides details regarding how to resolve prior infringements without the need for court intervention.[2]

21. On or around December 22, 2015 Poltrock's official Twitter account - @rockpoltrock - published a tweet containing a picture of the Passage, apparently printed on a quasi-crumpled sheet of paper, with the title "Winning Isn't Normal" pasted above it. This paper, attached as **Exhibits 4 and 5** to this Complaint, is devoid of Dr. Bell's name or any other identifying copyright information.

22. On or around January 15, 2017 Poltrock's official Twitter account - @rockpoltrock again published a tweet containing a similar or the same picture of the Passage, the quasi-crumpled sheet of paper, with the title "Winning Isn't Normal" pasted above it. This paper, attached as **Exhibits 6** to this Complaint, is **again** devoid of Dr. Bell's name or any other identifying copyright information.

23. After discovering the infringing activity, Dr. Bell provided notice via a cease-and-desist letter to MPS on or around November 27, 2018, and to MPS and MWSB on or around February 24, 2019.

---

[2] Id.

24. On February 20, 2019, however, MWSB violated copyright law again through MPS and its employee Haralson (aka Coach Shon) by distributing *precisely* the same picture—with the same quasi-crumpled sheet—through the Twitter account Bradley_Tech_BB. A copy of its tweet is attached as **Exhibit 7** to this Complaint.

25. Additionally, MWSB allowed Haralson and MPS to engage in willful copyright infringement and violate the Digital Millennium Copyright Act ("DMCA") by distributing the Passage to over 700 Twitter followers knowing that Dr. Bell's copyright management information had been removed which is explicitly prohibited under 17 U.S.C.A. § 1202.

## IV. CLAIMS FOR RELIEF

## COUNT ONE: COPYRIGHT INFRINGEMENT—THE BOOK

26. Dr. Bell incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

27. Dr. Bell indisputably holds a valid copyright in the Book (No. TX-0002-6726-44).

28. Dr. Bell owns the infringed-upon work. The MWSB, first through Poltrack, and then through Haralason, allowed the copying of one or more constituent and original elements of the Book. By copying these core protected elements in the Book without authorization, the Defendants blatantly infringed upon Dr. Bell's copyright.

29. The Defendants also publicly displayed one or more constituent and original elements of the Book. By displaying these core protected elements in the Book without authorization, the Defendants blatantly infringed upon Dr. Bell's copyright.

30. The Defendants copied and displayed this work from Dr. Bell after twice receiving notice from Dr. Bell to cease and desist the copying and display of the copyright protected book. This behavior demonstrates the infringement was willful and intentional. The infringement occurred in violation of federal copyright law, with knowledge that Dr. Bell had not authorized the copying and distribution, and with knowledge that no license or assignment had been granted by Dr. Bell.

31. Dr. Bell is entitled to injunctive relief and either actual damages or, upon his election, statutory damages pursuant to 17 U.S.C. § 504(b)–(c).

32. Dr. Bell is entitled to his attorneys' fees and costs pursuant to 17 U.S.C. § 505.

## COUNT TWO: COPYRIGHT INFRINGEMENT—THE PASSAGE

33. Dr. Bell incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

34. Dr. Bell indisputably holds a valid copyright in the Passage (No. TX-8-503-571).

35. Dr. Bell owns the infringed-upon work.

36. MWSB through Poltrock and then Haralason copied one or more constituent and original elements of the Passage. By copying these core protected elements in the Passage without authorization, MWSB allowed blatant infringement of Dr. Bell's copyrighted materials.

37. MWSB also allowed public display of one or more constituent and original elements of the Passage. By displaying these core protected elements in the Passage without authorization, MWSB allowed blatant infringement of Dr. Bell's copyrighted materials.

38. MWSB allowed this behavior to occur after having receiving multiple notices from Dr. Bell which demonstrates the infringement was willful and intentional. The infringement occurred in violation of federal copyright law, with knowledge that Dr. Bell had not authorized the copying and distribution, and with knowledge that no license or assignment had been granted by Dr. Bell.

39. Dr. Bell is entitled to injunctive relief and either actual damages or, upon his election, statutory damages pursuant to 17 U.S.C. § 504(b)–(c).

40. Dr. Bell is entitled to his attorneys' fees and costs pursuant to 17 U.S.C. § 505.

## COUNT 3: DMCA VIOLATION

41. Dr. Bell incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

42. MWSB allowed its employees to publish infringing tweets, copies and displays of text - the Passage - from Dr. Bell's Book, stripped of any notice of copyright, the author's name, surrounding literary text, or other information identifying the work or the author of the work.

43. The removed or altered information constitutes copyright management information ("CMI") under 17 U.S.C. § 1202(c).

44. MWSB allowed distribution of a work and/or copy of a work knowing that CMI had been removed or altered without authority of the copyright owner or the law.

45. MWSB had reasonable grounds to know that the distribution would induce, enable, facilitate, or conceal an infringement of rights under the DMCA.

46. These actions constitute a violation of 17 U.S.C. § 1202(b).

47. Dr. Bell is entitled to injunctive relief and elects to exercise his entitlement to statutory damages under 17 U.S.C. § 1203(c)(2) – (3).

48. Dr. Bell is entitled to his attorneys' fees and costs pursuant to 17 U.S.C. § 1203(b)(4) – (5).

## ATTORNEYS' FEES

49. As noted above, pursuant to 17 U.S.C. § 505, 17 U.S.C. § 1203, Dr. Bell is entitled to recover his attorneys' fees and costs of court.

## JURY DEMAND

50. Plaintiff demands a trial by jury.

## PRAYER

51. Dr. Bell prays for judgment against Five Star as follows:

A) Statutory damages based on willful copyright infringement, of a sum not more than $150,000.00 per work.
B) Alternatively, statutory damages based on innocent copyright infringement, of a sum not more than $30,000 per work.
C) Alternatively, actual damages and MPS's profits associated with the copyright infringement of each work.
D) Statutory damages based on violations of Section 1202 of the DMCA, of a sum not less than $2,500 or more than $25,000 per violation.
E) Alternatively, actual damages and MPS's profits associated with the DMCA violations.

52. An injunction prohibiting MWSB, MPS or its agents and employees from:

A) Copying, distributing, using, performing, or displaying the Book, the Passage, or original elements of the same;
B) Creating any derivative works based on the Book, the Passage, or original elements of the same without first obtaining a valid license or assignment from Plaintiff allowing such creation; or
C) Otherwise engaging in any action to infringe upon Plaintiff's copyrighted works.

53. Reasonable and necessary attorneys' fees and costs of court;

54. Pre-judgment and post-judgment interest at the highest rates allowed by law; and

55. Any such other relief at law or in equity to which Dr. Bell shows himself justly entitled.

Date: <u>February 23, 2022</u>             Respectfully submitted,

**Hamilton IP Law, PC**

By: <u>/s/ *Jay R. Hamilton*</u>

Jay R. Hamilton
Hamilton IP Law, PC
4620 E. 53rd St., Suite 214
Davenport, IA 52807
P: 563-441-0207
Email: jay@hamiltoniplaw.com

**ATTORNEYS FOR
PLAINTIFF DR. KEITH F. BELL**