UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DR. KEITH F. BELL,
      Plaintiff,

v.                                                Case No. 22-C-0227

THE MILWAUKEE BOARD OF
SCHOOL DIRECTORS and
SHON HARALSON,
      Defendants.

_____

**DECISION AND ORDER**

Dr. Keith Bell brought an action for copyright infringement against the Milwaukee Board of School Directors, which operates the Milwaukee Public Schools ("MPS"), and one of its employees. In a prior order, I granted defendants' motion to dismiss and determined that they were entitled to an award of attorneys' fees under the Copyright Act. *See Bell v. Milwaukee Bd. Of Sch. Dirs.*, No. 22-C-0227, 2022 WL 18276966 (E.D. Wis. Dec. 21, 2022). Before me now is defendants' motion to quantify the fee award. Also before me is a motion filed by Dr. Bell himself (not through his counsel of record) to appoint him new counsel in this case.

**I. BACKGROUND**

As explained in more detail in my prior opinion, Bell is the author and copyright owner of a popular motivational book entitled *Winning Isn't Normal*. In recent years, he brought a series of lawsuits against public schools and other institutions that post a popular passage from the book on Twitter. These lawsuits have almost uniformly been dismissed on the ground that the schools' use of the passage to motivate or support their student athletes qualifies as fair use that caused Bell no harm. The present lawsuit was

the latest in Bell's series of borderline frivolous suits. After finding that MPS's retweet of the copyrighted passage was fair use, I determined that defendants were entitled to recover attorneys' fees under the Copyright Act. 17 U.S.C. § 505. In making this determination, I noted that this suit did not in any way further the Act's goal of encouraging authors' creations and was instead a product of Bell's practice of bringing suits based on *de minimis* and harmless references to the copyrighted passage. I likened Bell to a copyright "troll"—one who "bring[s] strategic infringement claims of dubious merit in the hope of arranging prompt settlements with defendants who would prefer to pay modest or nuisance settlements rather than be tied up in expensive litigation." *Design Basics, LLC v. Lexington Homes, Inc.*, 858 F.3d 1093, 1097 (7th Cir. 2017).

In accordance with my order granting attorneys' fees, defendants filed a motion to quantify the fee award on January 4, 2023. They claim that they incurred $30,408.50 in fees in this case.

Bell did not file a response to defendants' motion for fees within 21 days, the time set by the local rules. *See* Civil L.R. 7(b). However, on January 30, 2023, Bell personally filed a motion to appoint him new counsel. In this motion, Bell states that while Attorney Jay Hamilton appears on the docket as his attorney, Bell recently discovered that Hamilton "is not licensed to practice law in Wisconsin." (ECF No. 33 at 2.) Bell states, incorrectly, that this means that he is now "without representation."[1] (*Id.*) Bell also states that, even if Hamilton were admitted to the Wisconsin bar, Hamilton could not "fairly

---

[1] The court's records show that Attorney Hamilton has been admitted to practice in the Eastern District of Wisconsin since February 24, 2022, the day on which this case was filed.

2

represent" him. (*Id.*) Bell does not state that he has terminated his attorney-client relationship with Hamilton. Moreover, Hamilton has not filed a motion to withdraw from this case. As far as the court is concerned, Hamilton is still Bell's counsel of record.

In his motion to appoint counsel, Bell claims that, due to his age, he has difficulty thinking, and that therefore he must be represented by counsel. However, he does not claim that he is indigent and cannot afford to pay an attorney. Moreover, he does not claim that he has attempted to find an attorney to replace Attorney Hamilton on his own. Defendants oppose the motion to appoint counsel.

## II. DISCUSSION

A.  **Motion to Appoint Counsel**

Bell's motion to appoint counsel is unusual in that he is currently represented by counsel. It appears that Bell is unsatisfied with Attorney Hamilton's representation, but again, as far as the court is concerned, Attorney Hamilton is still Bell's attorney in this case. For this reason alone, Bell's motion to appoint counsel will be denied.

In any event, even if Bell had terminated Attorney Hamilton's representation, I would deny the motion to appoint counsel. "There is no constitutional or statutory right to counsel in federal civil cases." *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). However, under 28 U.S.C. § 1915(e)(1), a court has authority to "request an attorney to represent any person unable to afford counsel." Here, Bell fails the threshold requirement of being unable to afford counsel. Bell does not claim to be indigent, and his failure to make this claim and support it with evidence is a sufficient reason to deny the motion. I also note that defendants have submitted evidence that Bell owns real estate in Austin,

3

Texas with a market value of over $1 million, which indicates that he is not indigent. (ECF No. 35 ¶¶ 7–8 & Ex. 3.)

Finally, even if Bell were unable to afford counsel, he would not qualify for recruited counsel because he has not demonstrated that he has made efforts to find substitute counsel on his own. *See Giles v. Godinez*, 914 F.3d 1040, 1052–53 (7th Cir. 2019) (party requesting recruited counsel must show that he or she made reasonable attempts to secure counsel).

Accordingly, Bell's motion to appoint counsel will be denied.

**B. Fee Award**

Turning to defendants' motion to quantify their fee award, I first note that because Bell did not file a brief in opposition to the motion within 21 days, he has waived his right to do so. Civil L.R. 7(b). The court will therefore decide the motion without Bell's input. *Id.*

The Seventh Circuit has stated, in the context of awarding fees under the Copyright Act, that "[t]he best evidence of the value of the lawyer's services is what the client agreed to pay him." *Assessment Techs. of WI, LLC v. WIREdata, Inc.*, 361 F.3d 434, 438 (7th Cir. 2004). In the present case, one of defendants' attorneys has submitted an affidavit in which he describes the fee arrangement with MPS and states that the amount requested in the fee award is what the law firm actually billed to MPS for the representation. (Decl. of David P. Hollander ¶¶ 20–26, ECF No. 31.) The attorney states that MPS paid the bills in full as they became due.[2] (*Id.* ¶ 23.) Based on this evidence, I conclude that the

---

[2] An invoice for December 2022 had not ben paid as of the date of Hollander's declaration, but only because it had only recently been mailed. (Hollander Decl. ¶ 23.)

requested fee award of $30,408.50 is reasonable and will order that Bell pay this award in full.[3]

Defendants are entitled to supplement this amount with the fees they incurred in this case since they filed the fee petition. *See Zeigler Coal Co. v. Director, Office of Workers' Compensation Programs*, 326 F.3d 894, 903 (7th Cir. 2003) (fees awarded under fee-shifting statutes should not be "diminished by the cost of bringing a legitimate petition for attorney's fees"); *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 411 (7th Cir. 2000) (fee movants are "presumptively entitled to recover the attorneys' fees incurred in defending their award"). Accordingly, I will grant defendants 14 days to file a supplemental fee computation. Bell will have 10 days to respond, and then I will enter the final fee award.

### III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that defendants' motion for attorneys' fees (ECF No. 29) is **GRANTED**. Defendants shall recover the sum of $30,408.50 as a reasonable fee award from plaintiff Dr. Keith Bell.

**IT IS FURTHER ORDERED** that Bell's motion to appoint counsel (ECF No. 33) is **DENIED**.

**IT IS FURTHER ORDERED** that defendants shall file a supplemental fee computation reflecting time spent on this case since the date of their fee motion within 14 days of the date of this order. Plaintiff shall have 10 days to file a response.

---

[3] To the extent it is necessary to employ the lodestar method for calculating fees, I find that defendants' affidavits establish that both the hourly rates and the hours spent on the litigation are reasonable.

Dated at Milwaukee, Wisconsin, this 15th day of February, 2023.

/s/Lynn Adelman
LYNN ADELMAN
United States District Judge