UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

DR. KEITH F. BELL,

    Plaintiff,

v.                                                     Case No. 22-C-0227

THE MILWAUKEE BOARD OF SCHOOL
DIRECTORS and SHON HARALSON,

    Defendants.

## MOTION FOR ENTRY OF JUDGMENT

Defendants Milwaukee Board of School Directors and Rishon R. Haralson (collectively "MPS"), by their undersigned attorneys, hereby move the Court pursuant to Federal Rule of Civil Procedure 58(d) for an entry of judgment against Plaintiff Dr. Keith F. Bell in the amount of $39,907.50. *See* ECF 41. In support of its Motion, MPS states as follows:

### Background

1)    On December 21, 2022, the Court granted MPS's motion to dismiss and directed the Clerk of Court to enter a final judgment. ECF 27 at 26.

2)    Consistent with the Court's order, the Clerk entered a final judgment in MPS's favor later on December 21, 2022. ECF 28.

3)    On January 4, 2023, MPS filed its Fee Petition, seeking reasonable attorney's fees of $30,408.50. ECF 29-32.

4)    On February 15, 2023 and March 20, 2023, the Court granted MPS's fee petitions, bringing the total fee award to $39,907.50. ECF 37, 41.

5) The Court's March 20, 2023 order did not, however, direct the Clerk of Courts to enter a final judgment in MPS's favor as to the fee award. *See* ECF No. 41.

**Argument**

6) The December 21, 2022 judgment was a final, appeal order, as "an unresolved issue of attorney's fees for the litigation does not prevent judgment on the merits from being final." *Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Engineers & Participating Emps.*, 571 U.S. 177, 186, 134 S. Ct. 773, 781, 187 L. Ed. 2d 669 (2014); *accord Midlock v. Apple Vacations W., Inc.*, 406 F.3d 453, 456 (7th Cir. 2005).

7) Bell did not file a notice of appeal as to the final judgment on the merits of the case before his January 20, 2023 deadline to do so. *See* Fed. R. App. P. 4(a)(1)(A); *see also Dunn v. Truck World, Inc.*, 929 F.2d 311, 312 (7th Cir. 1991) ("A decision on the merits is final, and the time for appeal begins running, even though questions concerning attorneys' fees remain open. One who waits for the award of fees accordingly may forfeit review of the merits.").

8) For purposes of appeal, the adjudication of the fee award of $39,907.50 is treated as a separate proceeding, requiring a separate final judgment, and a separate notice of appeal. *Ray Haluch Gravel Co.*, 571 U.S. at 186; *Wielgos v. Commonwealth Edison Co.*, 892 F.2d 509, 511–12 (7th Cir. 1989) (stating a "decision on the merits is independently appealable" and that "a separate notice of appeal is necessary if any party wishes to contest an award of costs made later").

9) Under Federal Rule of Civil Procedure 58, "[e]very judgment and amended judgment must be set out in a separate document, but a separate document is not required for an order disposing of a motion […] for attorneys' fees under Rule 54[.]" Fed. R. Civ. P. 58(a)(3).

10) Nonetheless, MPS requests that this Court enter a final judgment on the amount of the attorney's fee award for judgment enforcement purposes, as MPS may need to domesticate the

judgment in Texas to pursue collection of its attorney's fee award. In addition, the Seventh Circuit has repeatedly stressed the "importance of a clear, definite, and specific judgment" and reminded counsel of their duty "to take steps to see to the entry of a proper judgment." *Cont'l Cas. Co. v. Anderson Excavating & Wrecking Co.*, 189 F.3d 512, 516 (7th Cir. 1999); *see also Health Cost Controls of Illinois, Inc. v. Washington*, 187 F.3d 703, 708 (7th Cir. 1999).

11) Accordingly, MPS respectfully requests that the Court direct the Clerk of Courts to enter a final judgment in the amount of $39,907.50 in MPS's favor and against Bell as MPS' attorney's fees award.

12) Counsel for MPS certifies pursuant to Local Rule 7(a)(2) that no memorandum or other supporting papers will be filed in conjunction with this motion.

Dated: April 5, 2023.

                                        STAFFORD ROSENBAUM LLP

By: /s/*David P. Hollander*
      Douglas M. Poland (SBN 1055189)
      Seep Paliwal (SBN 1091325)
      David P. Hollander (SBN 1107233)

      222 West Washington Avenue, Suite 900
      Madison, Wisconsin 53703
      Email: dpoland@staffordlaw.com
              spaliwal@staffordlaw.com
              dhollander@staffordlaw.com
      608.256.0226

      *Attorneys for Milwaukee Board of School Directors and Rishon R. Haralson*